TAYLOR COUNTY LUMBER COMPANY, A CORPORATION, *Plaintiff in Error*, v. J. W. HUNTER AND SUSAN E. HUNTER, HIS WIFE, *Defendants in Error*.

Division B.

Decision Filed January 20, 1925.

Petition for Rehearing Denied February 28, 1925.

A Writ of Error to the Circuit Court for Taylor County; M. F. Horne, Judge.

*W. B. Davis*, for Plaintiff in Error;

*Wm. T. Hendry* and *H. D. Wentworth*, for Defendants in Error.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be and the same is hereby affirmed.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur.

On Petition for Rehearing.

PER CURIAM.—In an action brought by husband and wife to recover damages for cutting timber from land of the plaintiff wife, the court directed a verdict for the plaintiffs for an amount to be found by the jury, and the amount awarded has substantial basis in the evidence adduced.

If it be conceded that the defendant had a reserved right at any and all times to cut and remove the timber from plaintiff's land, the law required the defendant to cut and remove the timber within a reasonable time, and what is a reasonable time is determined by a judicial consideration of all pertinent conditions and circumstances affecting the matter in the peculiar locality. The trial court being made cognizant of all the matters that enter into the question of what was a reasonable time, under all the circumstances of the particular case, adjudged that a reasonable time for the cutting of the timber had elapsed before the trespass complained of, and the record does not clearly show error in such ruling. Errors of procedure, if any, were not illegally prejudicial to the defendant. The action was brought by the husband and wife for trespass upon the wife's prop-

erty, and a judgment in favor of the husband and wife is not illegal. No miscarriage of justice is shown by the record. See Section 2812, Rev. Gen. Stats. 1920.

Rehearing denied.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS, J., concur in the opinion.